SMITH, Judge.
Hemmingway appeals convictions arising from his alleged intoxication and culpable negligence in the operation of a motor vehicle, resulting in another’s death. Hem-mingway asserts the State deprived him of due process of law by failing to reveal certain evidence to his counsel before trial and that the trial court erred in permitting the State to introduce that evidence on rebuttal.
The facts are as detailed in Judge Rawls’ dissent and may be summarized as follows: The breathalyzer machine used to test-appellant’s sobriety malfunctioned and produced a reading of. He'mmingway’fe 'blood alcohol content which was incriminating but inaccurately low. Although the malfunction was soon discovered by the operator, Trooper Stewart, he failed to reveal his knowledge • of the malfunction when deposed by Hemmingway’s counsel, and in the *867 deposition he arguably gave false or misleading testimony endorsing the machine’s accuracy. The State made no use of the breathalyzer evidence in its case-in-ehief, relying instead upon a higher reading of the alcohol content of Hemmingway’s blood withdrawn from a vein. Defense counsel sought to cast doubt on the State’s evidence by introducing in defendant’s case the results of the breathalyzer test, which defense counsel did not know were influenced favorably to Hemmingway by the malfunction. Over objection, the State was permitted to adduce on rebuttal the explanatory testimony of Trooper Stewart.
Assuming the debatable point that Trooper Stewart knowingly gave false testimony at his deposition, there is no showing that the assistant state attorney in attendance then knew the testimony was inaccurate or that any assistant state attorney who knew the truth knew also that Trooper Stewart testified contrary to the facts. The question therefore is whether the State’s subsequent failure to reveal the breathalyzer malfunction to defense counsel, on his request for exculpatory evidence, violated Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
We hold that Brady standards requiring disclosure were not offended. That the breathalyzer test produced an incriminating but inaccurately low reading of Hemming-way’s blood alcohol content was not “evidence favorable to” Hemmingway. Brady, 373 U.S. at 87, 83 S.Ct. 1194. Contrast State v. Johnson, 284 So.2d 198 (Fla.1973). Nor did the State rely at the trial on evidence known by it to be false or inaccurate. The prosecutor had no obligation before trial to disclose facts tending to impeach potential testimony which the State did not plan to use and did not use in its case-in-chief. The State had no obligation to anticipate that defense counsel would unknowingly rely on the flawed evidence, itself inculpatory, to raise doubts about the aecu-racy of other inculpatory evidence adduced by the State. The prosecutor at trial had no obligation, when defense counsel’s purpose became clear, to caution defense counsel concerning the unreliability of the breathalyzer machine and the consequent vulnerability of the defense strategy. Permitting Stewart’s testimony in rebuttal of the misleading report did not deprive Hem-mingway of due process.
The other asserted errors relied on by Hemmingway do not require reversal.
AFFIRMED.
McCORD, J., concurs.
RAWLS, Acting Chief Judge, dissents.